SUSANA ALCALA WOOD, City Attorney (SBN 156366)
MATTHEW R. DAY, Senior Deputy City Attorney (SBN 250945)
MRDay@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814-2608
Telephone: (916) 808-5346
Facsimile: (916) 808-7455

Attorneys for the CITY OF SACRAMENTO and DANIEL HAHN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MEGAN WHITE; JERONIMO AGUILAR; LOREN WAYNE KIDD; LYRIC NASH; NICOLLETTE JONES; and ODETTE ZAPATA,

Plaintiffs,

vs.

SACRAMENTO POLICE DEPARTMENT; THE CITY OF SACRAMENTO; DANIEL HAHN; and DOES 1-200 (the names and numbers of which are currently unknown),

Defendants.

Case No.: 2:21-cv-02211-JAM-DB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLIANT COMPLAINT

Date: April 19, 2022
Time: 1:30 p.m.
Courtroom: 6, 14th Floor
Judge: Hon. John A. Mendez

TABLE OF CONTENTS

Page

I. INTRODUCTION AND FACTUAL BACKGROUND ........ 6

II. APPLICABLE LEGAL STANDARDS ........ 8

III. ARGUMENT ........ 8

A. Failure to Allege Compliance with The Government Claims Act is Fatal to the State Law Claims for Plaintiffs Aguilar, Nash, Jones, and Zapata. ........ 8

B. The Shotgun Pleading of the FAC Violates Federal Rule of Civil Procedure 8 ........ 11

C. Plaintiffs Nash and Zapata's Causes of Action Pursuant to 42 U.S.C. 1983 Should Dismiss for Failure to State a Claim ........ 11

D. The Causes of Action for Conspiracy Pursuant to 42 U.S.C. 1985 and 42 U.S.C. 1986 Should be Dismissed for Failure to State a Claim ........ 13

E. The Court Should Strike Portions of the FAC ........ 14

F. The Court Should Require Plaintiffs to Provide a More Definite Statement ........ 15

IV. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ascroft v. Iqbal*
(2009) 556 U.S. 662 .......... 8

*Ballister v. Pacifica Police Dept.*
(9th Cir. 1990) 901 F.2d 696 .......... 8

*Barnes v. AstraZeneca Pharmaceuticals LP*
(N.D. Ga. 2017) 253 F.Supp.3d 1168 .......... 11

*Bell Atlantic Corp. v. Twombley*
(2007) 550 U.S. 544 .......... 11

*Briggs v. Lawrence*
(1991) 230 Cal.App.3d 605 .......... 10

*Cahill v. Liberty Mutual Ins.*
(9th Cir. 1996) 80 F.3d 336 .......... 8

*City of Canton, Ohio v. Harris*
(1989) 489 U.S. 378 .......... 12

*City of Los Angeles v. Heller*
(1986) 475 U.S. 796 .......... 12

*City of San Jose v. Superior Court*
(1974) 12 Cal.3d 447 .......... 9

*Famolare, Inc. v. Edison Bros. Stores, Inc.*
(E.D. Cal. 1981) 525 F.Supp.940 .......... 14

*Fowler v. Howell*
(1996) 42 Cal.App.4th 1746 .......... 10

*In re Gilead Scis. Sec. Litig.*
(9th Cir. 2008) 536 F.3d 1049 .......... 8

*Gillette v. Delmore*
(9th Cir. 1992) 979 F.3d 1342 .......... 12

*Gong v. City of Rosemead*
(2014) 226 Cal.App.4th 363 .......... 10

*Griffin v. Breckenridge*
(1971) 403 U.S. 88 .......... 13

*Karim Panahi v. Los Angeles Police Dept.*
(9th Cir. 1988) 839 F.2d 621 .......... 8

*Lake Nacimiento Ranch Co. v. San Luis Obispo County*
(9th Cir. 1987) 841 F.2d 872 .......... 12

*Massa v. Southern California Rapid Transit Dist.*
(1996) 43 Cal.App.4th 1217 .......... 9, 10

*Mazzola v. Feinstein*
(1984) 154 Cal.App.3d 305 .......... 10

*McLaughlin v. Castro*
(E.D. Cal. 2018) 2018 WL 1726630 .......... 11

*Monell v. Dept. of Soc. Servs.*
(1978) 436 U.S. 658 .......... 11, 12

*Moss v. U.S. Secret Services*
(9th Cir. 2009) 572 F.3d 962 .......... 8

*Navarro v. Block*
(9th Cir. 2001) 250 F.3d 729 .......... 8

*Oklahoma City v. Tuttle*
(1985) 471 U.S. 808 .......... 12

*Sidney-Vinstein v. A.H. Robins Co.*
(9th Cir. 1983) 697 F.2d 880 .......... 14

*Suzuki v. County of Contra Costa*
(N.D. Cal. 2019) 2019 WL 2247829 .......... 13

*Trevino v. Gates*
(9th Cir. 1996) 99 F.3d 911 .......... 12

*Whitaker v. Garcetti*
(9th Cir. 2007) 486 F.3d 572 .......... 11

*Williams v. Horvath*
(1976) 16 Cal.3d 834 .......... 9

STATUTES

California Government Code
Section 811 ... 10
Section 905 ... 9
Section 910 ... 9
Section 911 ... 9
Section 945 ... 9
Section 950 ... 9, 10

Federal Rule of Civil Procedure
Section 8 ... 6, 11
Section 12 ... 14

42 U.S.C. § 1983 ... 8, 11, 14

42 U.S.C. § 1986 ... 13

42 U.S.C. § 1985 ... 13

OTHER AUTHORITIES

American Disabilities Act ... 6

California Government Claims Act ... 8

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure section 1382 (1990) ... 14

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. Rule 8, Defendants City of Sacramento and Chief Daniel Hahn (Ret.) (collectively Defendants), through their undersigned counsel, respectfully move this Court to dismiss the First Amended Complaint (FAC) of Megan White, Jeronimo Aguilar, Loren Wayne Kidd, Lyric Nash, Nicollette Jones, and Odette Zapata (collectively Plaintiffs) as the FAC fails to comply with the "short and plain" requirement of Rule 8 and the FAC fails to state a claim upon which relief can be granted. In the alternative, Defendants move to strike portions of the FAC as immaterial pursuant to Fed. R. Civ. P. 12(f).

I

INTRODUCTION AND FACTUAL BACKGROUND

Six individual Plaintiffs filed their FAC, alleging damages stemming from multiple, separate and distinct events that occurred between March 2020 through September 2021. The FAC consists of 43 pages and 11 causes of action. The first ten causes of action are brought by all Plaintiffs against all the Defendants.[1] The first six causes of action are brought under federal law and the next four causes of action allege State law violations.

The FAC takes a shotgun approach by lumping allegations from all Plaintiffs that are only loosely related; the allegations involve actions of the Sacramento Police Department (SPD). Paragraphs 27 through 41 fails to set forth any facts or allegations pertaining to the six named Plaintiffs. Rather, the paragraphs discuss events, protests and counter protests that occurred during the 2020 and 2021, including the death of George Floyd and the attack on the United States Capitol Building on January 6, 2021. ECF No. 4, FAC ¶¶ 27 – 41. The next 80 paragraphs are a shotgun approach of pleading in an attempt to support the causes of action alleged. See *Id*. at ¶¶ 42 – 122. The FAC then consists of conclusory statements in an attempt to support a pattern of discrimination, conspiracy, unlawful police practices and deliberate indifference by the Defendants. See *Id.* at ¶¶ 123 – 172. Finally, the FAC reaches the causes of action. Other than the headings and subheadings for each cause of action, the language used to plead the causes of action are nearly identical and vague. See *Id.* at ¶¶ 173 – 237. Finally, there is a cause of action for violation of the ADA. See *Id.* at ¶¶ 238 – 243.

---

[1] The Eleventh Cause of Action under the American Disabilities Act is only alleged by Plaintiff Kidd.

Plaintiff White alleges that she witnessed racial justice protests and attempted to provide basic first aid to protest participants in 2020 and 2021. ECF No. 4, FAC ¶ 17. Plaintiff White further alleges that she was injured during protests, suffering bruising, chronic knee pain and hip pain, chemical burns, and a shoulder injury. *Id*. Finally, Plaintiff White alleges she observe law enforcement restrain and assault racial justice protesters. *Id*. Plaintiff White alleges that she complied with the Government Claims Act. *Id*.

Plaintiff Aguilar alleges that he attended protests in May and June 2020 and that he became a target of surveillance and an illegal raid of his home was conducted. ECF No. 4, FAC ¶ 18. Plaintiff Aguilar did not allege that he complied with the Government Claims Act. *Id*.

Plaintiff Kidd alleges he was shot with non-lethal devices and was shoved into and over parked cars during protests. ECF No. 4, FAC ¶ 19. Further, Plaintiff Kidd alleges the SPD failed to accommodate his disability when he was arrested, and the SPD observed white supremacist groups attack Plaintiff Kidd and the SPD failed to intervene. *Id*. Plaintiff Kidd alleges that he complied with the Government Claims Act. *Id*.

Plaintiff Nash alleges that she was the target of verbal harassment and threats. ECF. No. 4, FAC ¶ 20. Plaintiff Nash also alleges she was a member of crowds when non-lethal devices were used, including pepper balls, foam-tipped bullets, and beanbag rounds. *Id*. Plaintiff Nash did not allege that she complied with the Government Claims Act. *Id*.

Plaintiff Jones alleges that she participated in demonstrations in Sacramento, and she was known by name by SPD and was a target at protests. ECF No. 4, FAC ¶ 21. In May 2020, Plaintiff Jones alleges that a teargas canister was kicked in her direction, and she was hit by impact munitions at least 11 times. *Id*. Plaintiff Jones did not allege that she complied with the Government Claims Act. *Id*.

Plaintiff Zapata alleges she attended multiple protests and that she witnessed law enforcement's pattern of violent escalation against protesters, while white supremacists were allowed to be violent against community members. ECF No. 4, FAC ¶ 22. Plaintiff Zapata also alleges that she has been the subject of aerial surveillance. *Id*. Plaintiff Zapata did not allege she has complied with the Government Claims Act. *Id*.

II

APPLICABLE LEGAL STANDARDS

A Motion to Dismiss per Fed. R. Civ. P. 12(b)(6) is proper where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballister v. Pacifica Police Dept.,* (9th Cir. 1990) 901 F.2d 696, 699; *Navarro v. Block,* (9th Cir. 2001) 250 F.3d 729, 732. Specifically, the Court must construe the complaint in the light most favorable to the plaintiff; accept all well-pleaded factual allegations and true; and determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mutual Ins.,* (9th Cir. 1996) 80 F.3d 336, 337-338. However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, (9th Cir. 2008) 536 F.3d 1049, 1055.

"[F]or a Complaint to survive, the conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Services,* (9th Cir. 2009) 572 F.3d 962, 969, quoting, *Ascroft v. Iqbal,* (2009) 556 U.S. 662, 677-678 ("*Iqbal*"). "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Iqbal, supra*, 556 U.S. 662, 678. Determining whether a complaint survives a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

III

ARGUMENT

A. Failure to Allege Compliance with The Government Claims Act Is Fatal to the State Law Claims for Plaintiffs Aguilar, Nash, Jones, and Zapata

Claims for damages under the Federal Civil Rights Act, 42 U.S.C. § 1983 need not comply with the Government Claims Act. However, joint causes of action in Federal Court based upon state tort claims are subject to dismissal under the claims filing requirements of the California Government Claims Act. *Karim Panahi v. Los Angeles Police Dept.,* (9th Cir. 1988) 839 F.2d 621,

627. In this case, all Plaintiffs are required to comply with the Government Claims Act with regard the State law claims - causes of action seven, eight, nine and ten.

As a condition precedent to a suit against a public entity or public employee for acts in the course and scope of employment, the Government Claims Act requires the timely presentation of a written claim for money or damages and the rejection of the claim. *See* generally for filing requirements, Cal. Government Code §§ 905, 905.2, 910, 911.2, 911.4, 945, 950.2; *see* for rejection requirements, Cal. Government Code § 945.4 (rejection of claim against public entity), § 950.6(a) (rejection of claim against public employee).

Government Code § 945.4 provides in relevant part as follows:

> . . . no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ..

Government Code § 950.2 provides in relevant part as follows:

> …a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred…

Government Code § 950.6 provides in relevant part as follows:

> When a written claim for money or damages for injury has been presented to the employing public entity:
>
> (a) A cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury until the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity.

California courts have consistently found that compliance with the claims requirements is a condition precedent for an action against a public entity or its employee acting in the course and scope of employment. *Williams v. Horvath,* (1976) 16 Cal.3d 834, 842 (the filing of a claim is more than procedural requirement, it is a condition precedent to maintaining action against defendants, "in short an integral part of plaintiff's cause of action"); *City of San Jose v. Superior Court,* (1974) 12 Cal.3d 447, 454 (claim against public entity); *Massa v. Southern California Rapid Transit Dist*., (1996) 43 Cal.App.4th 1217, 1222 (rejection of claim is prerequisite to filing suit against public employee).

Government Code § 950.2 has been interpreted to require that prior to the initiation of a lawsuit against a public employee for acts within that employee's scope of employment, the plaintiff must comply with Government Code § 900, *et seq. Massa v. So. Cal. Rapid Transit Dist.*, *supra,* 43 Cal.App.4th at 1222; *Fowler v. Howell,* (1996) 42 Cal.App.4th 1746, 1750-1751; *Briggs v. Lawrence,* (1991) 230 Cal.App.3d 605, 612-613 (the Act requires that one who sues a public employee on the basis of acts or omissions in the scope of his employment must file a claim with public entity employer); *Mazzola v. Feinstein,* (1984) 154 Cal.App.3d 305, 310 (filing a timely claim against the employing public entity is a condition precedent to tort action against public entity or the employee).

"Public employee" is defined as "an employee of the public entity." Cal. Gov. Code § 811.4. An employee is acting within the scope of his or her employment "when he is engaged in work he was employed to preform or when an act is incident to his duty and was performed for the benefit of his employer and not to serve his own purpose." *Fowler v. Howell*, *supra,* 42 Cal.App.4th at 1750-1751.

Pursuant to Government Code § 911.2, a claim relating to a cause of action for personal injury must be presented no later than six months after accrual of the cause of action. Pursuant to Government Code § 911.4, when a claimant fails to present a claim within the six-month timeframe, a written application may be made to the public entity for leave to present the claim within a reasonable time not to exceed one year from the accrual of the cause of action.

Further, a plaintiff must allege either they "complied with the claims presentation requirement, or that a recognized exception or excuse for noncompliance exists," and if the plaintiff fails to include the necessary allegations, the "complaint is subject to attack by demurrer." *Gong v. City of Rosemead,* (2014) 226 Cal.App.4th 363, 374.

In this case, only two of the Plaintiffs, White and Kidd, have alleged they have complied with the Government Claims Act. However, the four State law causes of action are brought by all six Plaintiffs. Because Plaintiffs Aguilar, Nash, Jones and Zapata failed to allege compliance with the Government Claims Act, causes of action seven, eight, nine and ten must be dismissed as to Plaintiffs Aguilar, Nash, Jones and Zapata.

B. The Shotgun Pleading of the FAC Violates Federal Rule of Civil Procedure 8

Rule 8 requires the complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the holdings of the Supreme Court in *Iqbal* and *Bell Atlantic Corp. v. Twombley*, (2007) 550 U.S. 544 ("*Twombley*"), plaintiffs must do more than merely state that the law has been violated-plaintiffs must plead sufficient facts to show that it has a plausible claim for relief. Further, "shotgun pleading" is frowned upon by the courts. "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable." *McLaughlin v. Castro,* (E.D. Cal. 2018) 2018 WL 1726630. See also *Barnes v. AstraZeneca Pharmaceuticals LP,* (N.D. Ga. 2017) 253 F.Supp.3d 1168 ["A complaint is a shotgun complaint where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"].

The original complaint was filed on behalf of Plaintiff White only. See ECF No. 1. However, between the original complaint and the FAC, five Plaintiffs were added and the FAC more than doubled in length. The FAC attempts to tie together separate and distinct fact patterns in support of eleven causes of action. The Plaintiffs had separate interactions with SPD over the course of approximately 16 months. From the 43-page FAC it is nearly impossible to discern which allegations are conclusions or are merely grievances with SPD, rather than facts to support causes of action.

The FAC is neither short nor plain. It is impossible for the Defendants to determine which factual allegations are intended to support the claims for relief and therefore the motion to dismiss should be granted.

C. Plaintiffs Nash and Zapata's Causes of Action Pursuant to 42 U.S.C 1983 Should be Dismissed for Failure to State a Claim

A municipality can only be held liable under 42 U.S.C. § 1983 if "action pursuant to official policy of some nature caused a constitutional tort." *Monell v. Dept. of Soc. Servs.,* (1978) 436 U.S. 658, 694 (municipality may be liable when execution of a government's policy or custom inflicts the injury) *Whitaker v. Garcetti,* (9th Cir. 2007) 486 F.3d 572, 581. A plaintiff seeking to establish

*Monell* liability must prove both that he suffered a violation of a recognized federal right and also that the municipality's actions caused that violation. *City of Los Angeles v. Heller,* (1986) 475 U.S. 796, 799; *Gillette v. Delmore,* (9th Cir. 1992) 979 F.3d 1342, 1346-1347. Liability for an improper custom may not be predicated on isolated or sporadic incidents. *Trevino v. Gates,* (9th Cir. 1996) 99 F.3d 911, 918. Plaintiff must specifically identify the policy and set forth evidence showing that such policy actually existed and was causally related to the alleged violation. *Lake Nacimiento Ranch Co. v. San Luis Obispo County* (9th Cir. 1987) 841 F.2d 872, 878. There must be a causal link between a municipal policy or custom and the alleged constitutional deprivation. *City of Canton, Ohio v. Harris*, (1989) 489 U.S. 378, 385.

Where the alleged policy by its terms violates the constitutional rights of persons similarly situated to plaintiff, "only one application of the policy [is necessary] to satisfy *Monell*'s requirement that a municipal corporation be held liable only for constitutional violations resulting from the municipality's official policy." *Oklahoma City v. Tuttle*, (1985) 471 U.S. 808, 822. However, where the alleged policy is not unconstitutional on its face, then "considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the policy and the constitutional deprivation." *Id.* at 824.

Plaintiff Nash alleges that she has overheard police describe the clothing she is wearing (ECF No. 4, FAC ¶ 105), was in a crowd were non-lethal weapons were utilized (*Id.* at ¶ 61), observed officers "rush" participants at a vigil for George Floyd (*Id.* at ¶¶ 63 & 64), was in her vehicle when officers audibly read and wrote down her license plate number (*Id.* at ¶¶ 102 & 103), and was a passenger in a vehicle that was pulled over by the police (*Id.* at ¶ 104). Plaintiff Zapata alleges that she was part of a crowd where tear gas was used (*Id.* at ¶¶ 51 – 55), witnessed Proud Boys break police barriers in view of SPD and the police arrested bystanders, not the Proud Boys (*Id.* at ¶¶ 81 & 82), and has been the target of surveillance by drones (*Id.* at ¶¶ 98 – 101).

Even accepting the allegations of Plaintiffs Nash and Zapata as true, there are no facts which indicate there has been a violation of a recognized federal right. Therefore, causes of

action one, two, three and four should be dismissed as to Plaintiffs Nash and Zapata.

D. The Causes of Action for Conspiracy Pursuant to 42 U.S.C 1985 and 42 U.S.C. 1986 Should be Dismiss for Failure to State a Claim

To state a claim for federal conspiracy, "a complaint must allege that the defendants did (1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of (the) conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States." *Griffin v. Breckenridge*, (1971) 403 U.S. 88, 102-103.

Plaintiffs' FAC pleads only general conclusions that other law enforcement agencies provided crowd control in Sacramento. ECF No. 4, FAC ¶ 134. The FAC goes on to allege that a California Highway Patrol officer recommended a black journalist be charged with disturbing the peace after the journalist was stabbed at a white nationalist event and that other officers conducted aerial surveillance to track individuals who participated in racial justice protests. See *Id*. at ¶¶ 135 & 136. The FAC also alleges that Sacramento County Sheriff deputies targeted racial justice protestors and that deputy sheriffs took part in the January 6, 2021, attack at the United States Capitol. See *Id*. at ¶¶ 137 & 138. Plaintiffs further allege that the "[d]efendants agreed among themselves and with other individuals to act in concert in order to deprive Plaintiffs of their constitutional rights …" and [i]n furtherance of the conspiracy Defendants engaged in and facilitated numerous over acts as described above." *Id*. at ¶¶ 202 & 203.

The allegations in the FAC are conclusory and fail to demonstrate any conspiracy. Without any further facts, the allegations fail to give rise to conspiracy pursuant to 42 U.S.C. § 1985 and therefore the fifth cause of action for civil rights conspiracy should be dismissed in its entirety.

As "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985" the sixth cause of action must also be dismissed. *Suzuki v. County of Contra Costa* (N.D. Cal. 2019) 2019 WL 2247829, *6.

E. The Court Should Strike Portions of the FAC

Fed. R. Civ. P. 12(f) authorizes the District Court to strike any portion of a complaint that a “redundant, immaterial, impertinent or scandalous.” F.R.C.P., Rule 12(f))

"(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins Co*., (9th Cir. 1983) 697 F.2d 880, 885. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." (5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure section 1382, at 706-07 (1990).) "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. at 711.

The FAC is replete with immaterial and impertinent paragraphs. Paragraphs 1 through 10 are immaterial to the allegations of the six Plaintiffs. Rather the paragraphs are designed to invoke an emotion response from the reader. Paragraphs 28 through 41 are also immaterial and impertinent as the paragraphs are conclusory or discuss generalities and are therefore immaterial to the allegations of the six Plaintiffs. Finally, paragraphs 123 through 133 attribute statements to Sacramento public figures in an effort to persuade the reader of the validity of Plaintiffs’ allegations and note the City’s settlements in prior lawsuits. These paragraphs are immaterial, impertinent, seek to invoke an emotional response from the reader, and are prejudicial.

Because the paragraphs identified above are immaterial, they should be stricken from the FAC.

F. The Court Should Require Plaintiffs to Provide a More Definite Statement

Alternatively, the Court should issue an order requiring Plaintiffs further amend their FAC pursuant to Fed. R. Civ. P. 12(e). Rule 12(e) provides, in relevant part, that “[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement.” F.R.C.P. Rule 12(e), see also *Famolare, Inc. v. Edison Bros. Stores, Inc.*, (E.D. Cal. 1981) 525 F.Supp.940, 949 [explaining that a motion for a more definite statement is proper when the complaint is so indefinite that the

defendant cannot reasonably be expected to prepare a response].) The lengthy shotgun FAC does not allow the Defendants to properly frame a responsive pleading. While Defendants urge the Court to dismiss the FAC in its entirety, should the Court decline to exercise its authority to do so, at a minimum, Plaintiffs should be required to further amend their FAC to provide a more definite statement of their claims.

## IV

## CONCLUSION

For the reasons set forth above, the Defendants respectfully requests the Court grant the City's motion and enter an order dismissing this action.

DATED: February 16, 2022

SUSANA ALCALA WOOD,
City Attorney

By: /s/ MATTHEW R. DAY
MATTHEW R. DAY
Senior Deputy City Attorney

Attorneys for the CITY OF SACRAMENTO