1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MEGAN WHITE, et al.,                    No.  2:21-cv-2211 JAM-SCR

11                    Plaintiffs,

12         v.                                ORDER GRANTING IN PART AND
                                             DENYING IN PART PLAINTIFFS' MOTION
13   SACRAMENTO POLICE                       FOR DISCOVERY SANCTIONS
     DEPARTMENT, et al.,
14
                     Defendants.
15

16         Plaintiffs move to exclude Defendants' expert disclosure ("Motion to Exclude"), which

17   was filed two weeks beyond the deadline set by the Court.  ECF No. 73.  Defendants do not

18   dispute that their late disclosure violated Federal Rule of Civil Procedure 26(a)(2)(D), but argue

19   that the sanction of exclusion is unwarranted under the circumstances.  At a hearing on Plaintiffs'

20   motion, the Court granted Plaintiffs additional time to designate expert rebuttal witnesses and

21   additional time to oppose Defendants' motion for summary judgment.  ECF No. 80.  For the

22   reasons provided below, the Court now denies Plaintiffs' request to exclude Defendants' expert

23   disclosures but orders, as alternative sanctions, that Defendants (1) be precluded from designating

24   expert rebuttal witnesses, and (2) pay Plaintiffs' reasonable attorneys' fees in connection with

25   their Motion to Exclude.

26         **I.     Factual and Procedural Background**

27         Plaintiffs are six individuals who challenge alleged violations of their constitutional and

28   other rights by the Sacramento Police Department and its officers during racial justice protests.

                                              1

1   ECF No. 31 (Second Amended Complaint).  Relevant to this dispute, the operative scheduling

2   order set August 7, 2024 as the deadline for expert disclosure and August 21, 2024 as the deadline

3   for rebuttal expert disclosure.  ECF Nos. 64 & 68.  Those deadlines had been established by Court

4   order on April 30, 2024.[1]  *Id*.

5           On August 7, Defendants served their expert disclosure on Plaintiffs, designating Mark

6   Meredith as a "police practices and procedures expert."  ECF 73-1 at 146.  Defendants' disclosure

7   included a three-paragraph summary of Mr. Meredith's testimony and a copy of his cv.  However,

8   Defendants' disclosure did not include Mr. Meredith's expert report.  In the cover email to that

9   disclosure, Defendants stated they "have run into an issue obtaining the formal report, particularly

10  in light of the recently occurring and ongoing deposition today, and we will supplement our

11  disclosure with the full report in two weeks' time."  *Id*. at 145.

12          On August 7, Plaintiffs served complete expert disclosures—involving two experts—on

13  Defendants.

14          On August 20, Plaintiffs objected to Defendants' incomplete expert disclosure of August

15  7.  ECF No. 76 at 33.

16          On August 21, Defendants served what they captioned "Supplemental Disclosure of

17  Expert Witness," which included a 77-page expert report from Mr. Meredith.  ECF 73-1 at 167.

18  This was the "full report" that Defendants had promised Plaintiffs in the August 7 cover email.

19          On September 3, the parties conferred telephonically about this dispute but were unable to

20  resolve it.  *Id*. at 2-3.

21          Under the accelerated briefing schedule of Local Rule 251(e), Plaintiffs filed their Motion

22  to Exclude on September 5, 2024, Defendants filed a timely opposition, and Plaintiffs filed a

23  timely reply.  The parties' filings included their respective expert disclosures and supporting

24  information.

25          On September 26, the Court heard the Motion to Exclude.  In light of the then-impending

26  dispositive motion deadline of September 27, and Mr. Meredith's upcoming deposition, which is

27

28  [1]  All further dates mentioned in this order occurred in 2024 unless otherwise specified.

1   scheduled for October 4, at the hearing, the Court granted Plaintiffs until October 18 to disclose

2   rebuttal experts.  The Court also granted Plaintiffs additional time, until October 29 to file an

3   opposition to any dispositive motion by Defendants, so that Plaintiffs' expert rebuttal material—if

4   any—can be incorporated into their opposition to any dispositive motion.  At the hearing, the

5   Court also indicated that some sanctions would be appropriate, discussed those possible sanctions

6   with the parties, and stated that a substantive ruling on the Motion to Exclude would be

7   forthcoming.  ECF No. 80.

8       **II.    Legal Standard**

9       Rule 26(a)(2)(D) requires litigants to disclose all expert witnesses "at the times and in the

10   sequence that the court orders."  *Merchant v. Corizon Health, Inc*., 993 F.3d 733, 739 (9th Cir.

11   2021) (citation omitted).  The disclosure of experts "retained or specially employed to provide

12   expert testimony in the case" must provide, among other things, a signed report with "a complete

13   statement of all opinions the witness will express and the basis and reasons for them," as well as

14   "the facts or data considered by the witness in forming them."  *Id*. (citing Fed. R. Civ. P.

15   26(a)(2)(B)(i), (ii)).  Rebuttal expert witnesses are limited to offering evidence "intended solely to

16   contradict or rebut evidence on the same subject matter identified by another party."  *See* Fed. R.

17   Civ. P. 26(a)(2)(D)(ii).  If an expert disclosure is later found to be incomplete or incorrect, the

18   providing party must supplement or correct the disclosure in a timely fashion.  Fed. R. Civ. P.

19   26(e)(1)(A).

20       If a party fails to provide information or identify a witness as required by Rule 26(a) or

21   26(e), the default under Rule 37 is a "self-executing," "automatic" sanction: exclusion of the

22   information or witness from use "on a motion, at a hearing, or at a trial, unless the failure was

23   substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1) (emphasis added); Fed. R. Civ. P.

24   37 advisory committee's note (1993).  The party failing to disclose the required information bears

25   the burden of demonstrating their failure was either substantially justified or harmless.  *Wilson v.*

26   *Tony M. Sanchez & Co.*, No. 2:07-cv-0822 JAM GGH, 2009 WL 173249, at *3 (E.D. Cal. Jan.

27   26, 2009) (citing *Yetti by Molly Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir.

28   2001)).

1    Despite the exclusion sanction being "self-executing" and "automatic" in a typical case,

2    Rule 37(c)(1) also makes available lesser sanctions, including "reasonable … attorney's fees,

3    caused by the failure" and "prohibiting the disobedient party from supporting or opposing

4    designated claims or defenses, or from introducing designated matters in evidence[.]"  Fed. R.

5    Civ. P. 37(c)(1)(A), (C) & 37(b)(2)(A)(ii).  If an exclusionary sanction will "deal[ ] a fatal blow"

6    to a party's claim or defense, a district court must consider (1) "whether the claimed

7    noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser

8    sanctions."  *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir.

9    2012).

10   **III.    Analysis**

11   Defendants do not dispute that they violated the Court's scheduling order and Rule

12   26(a)(2)(D) by failing to disclose Mr. Meredith's expert report on or before August 7.  Nor do

13   Defendants argue that this failure was substantially justified—indeed, at the hearing, counsel for

14   Defendants effectively conceded that Mr. Meredith simply lost track of the court-imposed

15   deadline.[2]  This dispute accordingly turns on the question of whether the late disclosure was

16   harmless and, if it was not, whether exclusion of Defendants' expert testimony is the appropriate

17   sanction.

18   **A.    Defendants' Violation Was Not Harmless Under Applicable Law**

19   By extending Plaintiffs' deadlines for expert rebuttal disclosures and an opposition to any

20   dispositive motion, the Court has already redressed, as a *practical* matter, the harm Defendants'

21   late disclosure caused Plaintiffs.  However, that remedial action does not render Defendants'

22   violation of Rule 26(a)(2)(D) harmless as a *legal* matter, because harmlessness is narrowly

23   defined in this context.  The drafters of Rule 37 provided the following examples of a harmless

24   nondisclosure: omitting "the name of a potential witness known to all parties" and failing "to list

---

[2]  In light of this concession, the representation that Defendants' counsel made on August 7 that
the delayed disclosure was caused, at least in part, by "the recently occurring and ongoing
deposition today," may have been misleading.  Defendants' counsel is reminded of the
prohibition against making "a false statement of material fact," which requires a lawyer "to be
truthful when dealing with others on a client's behalf[.]" Cal. R. Prof. Conduct 4.1(a) &
Comment.

as a trial witness a person so listed by another party."  Fed. R. Civ. P. 37 advisory committee's note (1993).  These examples involve technical non-compliance that have no conceivable bearing on the opposing party's presentation of their case.

By contrast, Defendants' late disclosure here was not harmless, forcing Plaintiffs to seek legal redress and to guess at whether Defendants' expert would seek to offer rebuttal testimony (ECF No. 77 at 5) and requiring the Court to modify one of the case management deadlines, in order to avoid upending other deadlines.  The Ninth Circuit has suggested that any late disclosure that disrupts case management deadlines is not harmless.  *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well.  Disruption to the schedule of the court and other parties in that manner is not harmless.").  While *Wong* may not establish a categorical rule that any late disclosure that interferes with a case management deadline is harmful, it indicates that late disclosure is not harmless where, as here, an opposing party and the Court must bend to accommodate that tardiness.

Defendants argue that Plaintiffs could have sought to cure any harm by requesting an extension of time to submit rebuttal expert disclosures.  However, that alone might not have alleviated all of the prejudice to Plaintiffs, given that Plaintiffs were also heading towards a compressed timeline for taking Mr. Meredith's deposition and opposing Defendants' dispositive motion.  In any event, Defendants cannot plausibly suggest it was incumbent on Plaintiffs to seek an extension of time when it was Defendants' who violated the Court's scheduling order in the first place.  *Cf. Quevedo v. Trans–Pac. Shipping, Inc*., 143 F.3d 1255, 1258 (9th Cir.1998) (refusing to consider expert's report filed one-and-a-half months late because party designating expert could have asked for an extension of time).  Given the narrow definition of harmlessness in this context, Defendants' failure was not harmless.

### B.    Sanctions Short of Exclusion Are Appropriate

A district court has "particularly wide latitude … to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  While

exclusion is a common sanction for late disclosures, Rule 37(c)(1) permits other sanctions as well, including payment of attorneys' fees and exclusion of certain evidence.  For the reasons provided below, those lesser sanctions are appropriate here.

Defendants argue that exclusion of their expert would be "practically tantamount to dismissal," which the Court understands as an argument that exclusion would prevent them from meaningfully mounting a defense at trial.  Without wading too deeply into the admissibility of Defendants' proffered expert opinions, which are the purview of the District Judge, it is plausible that several claims and defenses in this case will rise or fall on expert testimony concerning standard contemporary police practices.  As a result, exclusion could "deal[] a fatal blow" to Defendants' defenses, requiring consideration of (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions."  *R & R Sails, Inc*, 673 F.3d at 1247.

There is nothing in the record to indicate that Defendants' tardiness was willful or in bad faith.  Defendants timely disclosed the name of their expert, his cv, and a general description of his testimony.  ECF 73-1 at 146.  At the same time, they transparently noted that the expert report would be late but that it would be disclosed in two weeks, a relatively short delay.  Moreover, it appears that Defendants' late disclosure obtained them no advantage.  At the hearing, Defendants' counsel represented that Mr. Meredith was not provided access to Plaintiffs' timely-disclosed expert reports before submitting his own report, and so could not tailor his report to rebut theirs.

Appropriate lesser sanctions fairly address the late disclosure.  *See* Fed. R. Civ. P. 37(c)(1)(A), (C) & 37(b)(2)(A)(ii).  Defendants' request that—instead of total expert exclusion— they be precluded from offering expert rebuttal evidence.  That is an appropriate sanction because Defendants disclosed what in substance was their initial expert report (though captioned "supplemental") on the deadline for rebuttal expert disclosures.  Attorneys' fees are also an appropriate sanction given the time and resources Plaintiffs had to expend in responding to Defendants' late disclosure.

Plaintiffs claim that exclusion is a necessary sanction with reference to cases where courts ordered the exclusion of expert reports and testimony.  But nearly all of those cases are materially

6

1   distinguishable, involving either complete non-disclosure of far more egregious delays in

2   disclosure.  *See, e.g., Hannah v. United States*, No. 2:17-cv-01248 JAM EFB, 2019 WL 718119

3   (E.D. Cal. Feb. 20, 2019) (wholesale rewriting of expert report years after it was initially drafted);

4   *Wilson*, 2009 WL 173249 (no expert designation at all); *Johnson,* 2008 WL 2620378 (no expert

5   designation at all).  While Plaintiffs cite one exclusion case with similar facts—there, the

6   disclosure was several days late—the Court respectfully declines to follow that case.  *See*

7   *Martinez v. Costco*, 336 F.R.D. 183, 190 (S.D. Cal. 2020) (striking an expert's supplemental

8   report under Rules 37(c) and 26(e) in part because "[Martinez's] expert had a library of

9   information and documents to review, analyze, and opine on . . . [h]er unilateral decision to set

10  aside a thorough study of these materials in a timely manner is [Martinez's] burden to bear and no

11  one else's").

12        **IV.    Conclusion**

13        For the foregoing reasons, it is hereby ORDERED:

14        1.   That Defendants be precluded from designated a rebuttal expert or introducing rebuttal

15             expert testimony in support of any dispositive motion or at trial.

16        2.   That Defendants pay Plaintiffs reasonable attorneys' fees in connection with this

17             dispute.  The parties shall meet and confer on the amount of those reasonable

18             attorneys' fees.  If the parties are able to agree on the payment of attorneys' fees, they

19             shall submit a stipulation and proposed order to the undersigned.  If they are unable to

20             reach agree, they shall submit a joint statement on the dispute about such payment,

21             including a brief explanation of their positions on that dispute and any supporting

22             billing records.  The undersigned would then issue an order on that aspect of the

23             dispute.

24  Dated:  September 30, 2024

25

26                                            SEAN C. RIORDAN
                                             UNITED STATES MAGISTRATE JUDGE

27

28