1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MEGAN WHITE; JERONIMO            No. 2:21-cv-02211-JAM-SCR
     AGUILAR; LOREN WAYNE KIDD,
12   LYRIC NASH; NICOLLETTE JONES;
     and ODETTE ZAPATA,
13                                    **ORDER GRANTING IN PART**
                   Plaintiffs,        **DEFENDANTS' MOTION FOR SUMMARY**
14                                    **JUDGMENT**
            v.
15
     SACRAMENTO POLICE DEPARTMENT;
16   THE CITY OF SACRAMENTO;
     DANIEL HAHN; and DOES 1-200
17   (the names and numbers of
     which are currently unknown),
18
                   Defendants.
19

20        Before the Court is Defendants' motion for summary judgment

21   as to Plaintiff Loren Wayne Kidd's claim for failure to

22   accommodate.  See Mot., ECF No. 78.  The Court previously heard

23   and ruled on Defendants' motion for summary judgment as to other

24   claims.  See Minute Order, ECF No. 92.  At the hearing, the Court

25   requested supplemental briefs regarding Kidd's claim which the

26   parties submitted.  See Plaintiffs' Supplemental Brief, ECF No.

27   93; Defendants' Supplemental Brief, ECF No. 94.  For the

28   following reasons, the Court GRANTS Defendants' motion as to

                                      1

1  Kidd's claim.

2      Defendants argue that because Kidd's only requested
3  accommodation during his arrest was for marijuana, he cannot
4  present a claim under the Americans with Disabilities Act
5  ("ADA").  See Defendants' Supplemental Brief at 2.  Kidd presents
6  four arguments as to why Defendants' motion should be denied: (1)
7  Kidd was denied access to his medication, marijuana; (2) Kidd's
8  restraints were not adjusted; (3) police did not expedite its
9  review of body cam footage; and (4) police did not provide Kidd
10 with his requested transportation upon his release from custody.
11 See Plaintiffs' Supplemental Brief at 1-5.  None of these
12 arguments present a genuine dispute of material fact.

13     First, the Ninth Circuit has foreclosed Kidd's claim for
14 being denied access to marijuana.  The James court concluded, "We
15 hold that doctor-recommended marijuana use permitted by state
16 law, but prohibited by federal law, is an illegal use of drugs
17 for purposes of the ADA, and that the plaintiffs' federally
18 proscribed medical marijuana use therefore brings them within the
19 ADA's illegal drug exclusion."  James v. City of Costa Mesa, 700
20 F.3d 394, 405 (9th Cir. 2012).  Kidd attempts to distinguish
21 James by citing a footnote in the Court's opinion that stated,
22 "We do not hold, as the dissent states, that 'medical marijuana
23 users are not protected by the ADA in any circumstance.'  We hold
24 instead that the ADA does not protect medical marijuana users who
25 claim to face discrimination on the basis of their marijuana
26 use."  Id. at 394 n.3.  In this footnote, the court goes on to
27 explain that an individual who has a disability is not denied
28 protection under the ADA for that disability simply because they

use an illegal drug.  See id.  Thus, Kidd argues that James is
inapposite because he faced discrimination on the basis of his
epilepsy, not his marijuana use. The Court disagrees.

   Kidd does not explain how the police's refusal to provide him
access to marijuana was not based on his marijuana use.  To do
so, he seemingly would have to show that police provided access
to marijuana to other individuals in custody.  Put simply, there
is no showing that police refused because Kidd is epileptic
instead of the more plausible explanation that police refused
because marijuana is an illegal substance under federal law.  In
addition to the James holding, courts across the nation that
"have considered ADA claims for failure to accommodate medical
marijuana use have relied on the [Controlled Substances Act's]
classification of marijuana as a Schedule I illegal substance to
conclude that 'using marijuana is not a reasonable
accommodation.'"  Eccleston v. City of Waterbury, No. 3:19-CV-
1614 (SRU), 2021 WL 1090754, at *8 (D. Conn. Mar. 22, 2021)
(collecting cases).

       Second, police did not fail to provide a reasonable
accommodation in adjusting Kidd's restraints.  Kidd relies on two
cases, both of which dealt with a motion to dismiss.  See
Plaintiffs' Supplemental Brief at 3.  This dispositional stage
demands a higher burden.  Kidd fails to explain how his
complaints of shoulder pain are related to his epilepsy other
than he sustained similar injuries during a prior seizure. Kidd
also does not cite any caselaw explaining how adjusting his
restraints was a reasonable accommodation for his epilepsy.

       Third, police did not fail to provide a reasonable

accommodation in reviewing the body cam footage.  As an initial
matter, Kidd fails to show that police did not expedite the
review process.  Instead, he simply states it took "hours."  <u>See</u>
<u>id.</u> at 4.  Kidd presents no evidence that allows the court to
compare the review process in this case to other review
procedures, which means Kidd has not raised a genuine dispute.
Also, Kidd presents a wide range of cases regarding matters that
are not relevant to this case, such as de-escalation procedures.
<u>See id.</u>  He does not present caselaw establishing that police
have to expedite its review of footage for an epileptic
individual.

Finally, police did not fail to provide a reasonable
accommodation when they released Kidd from custody.  The only
case Kidd presents is inapposite.  In <u>Gorman</u>, the Eighth Circuit
heard a case in which the plaintiff claimed that police failed to
provide reasonable accommodations after he was arrested and while
being transported in custody.  <u>See</u> <u>Gorman v. Bartch</u>, 152 F.3d
907, 910 (8th Cir. 1998) (Plaintiff "claimed that the manner of
his post-arrest handling and transportation evidenced unlawful
discrimination by all the defendants, including [officer] who
drove the police van that took him to the station").  Here, Kidd
claims that police failed to provide him "with appropriate
accommodations <u>upon his release from custody</u>."  <u>See</u> Plaintiffs'
Supplemental Brief at 5 (emphasis added).  Kidd does not cite any
other caselaw suggesting that he can state a claim for an
accommodation after his release from custody.
///
///

4

1    As such, the Court GRANTS Defendants' motion for summary

2  judgment as to Plaintiff Kidd's claim for failure to accommodate.

3    IT IS SO ORDERED.

4  Dated:  January 7, 2025

5

6                                    _____
                                     JOHN A. MENDEZ
7                                    SENIOR UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28